WATTS *v.* LANGSTON *et al.*

</div>

BECK, J.　1. Where an attachment was sued out by a creditor against a firm composed of two members, on the ground that they resided out of the State, and was levied upon sufficient property to make the amount of the debt sought to be collected, and a replevy bond was given with defendants in attachment as principals and certain persons as sureties; and where afterwards an order was taken suggesting the death of one of the principals and authorizing the case to proceed against the firm and the surviving partner and against the sureties on the replevy bond, and upon the trial a verdict was obtained in favor of plaintiff against one of the principals as surviving partner and in his individual capacity, and against the said sureties; and where, after this verdict, a motion for a new trial was made and granted by the court and the case came on for trial a second time, and the sureties were allowed to intervene, set-ting up, among others, a defense based on the ground that their risk had been increased, etc., "because the plaintiff had dismissed one of the principal defendants," and the issue made by this intervention was tried independently of the main case and prior thereto, the main case standing on the docket for trial, it was competent for the plaintiff in attachment, upon the determination of the issue made by the interven-tion of the sureties by a verdict of the jury, after having made a motion for a new trial, to sue out a direct bill of exceptions and bring to this court for review the judgment overruling the motion for a new trial as well as the rulings made by the court during the trial of the issue made by the intervention.

(*a*) The defendant in attachment was not a necessary party to this bill of exceptions, as the determination of the issue involved concerned only the plaintiff in attachment and the sureties on the replevy bond; and the failure to make the surviving defendant in attachment a party will not work a dismissal of the bill of exceptions.

2. Under the facts stated in the first headnote relative to the suing out of the attachment against the debtor firm and the giving of a replevy bond, it was proper, upon an order taken suggesting the death of one of the members of the defendant firm, to allow the case to proceed against the firm and the surviving partner and against the sureties on the replevy bond; and the court should have stricken the intervention filed by the sureties, setting up as a defense against liability on the bond the fact that the deceased member of the firm had been stricken from the case, and the case ordered to proceed against the surviving partner, who is alleged to have been insolvent, and against the firm, which was also alleged to be insolvent, while the estate of the deceased partner was solvent, and that the surviving partner failed and refused

to defend the case, although, as the intervenors set up, the grounds of the attachment were not true, as the firm and both members thereof were residents of the State of Georgia and did not reside out of the State at the time of suing out the attachment, and that the risk of the sureties was increased by the dismissal of the deceased partner from the case and in consequence of the other facts set up in the intervention. Civil Code, § 5041; *Stewart* v. *Barrow,* 55 *Ga.* 664; *Crapp* v. *Dodd,* 92 *Ga.* 405 (3), (17 S. E. 666)..

> *Judgment reversed. All the Justices concur.*
> .SEPTEMBER 24, 1910.

Intervention. Before Judge Kimsey. Rabun superior court. May 3, 1909.

*J. T. Davis, W. S. Paris,* and *Robert McMillan,* for plaintiff.

*W. A. Charters* and *H. H. Dean,* for defendants.