## LANGSTON *et al. v.* WATTS *et al.*

FISH, C. J. An attachment was issued against a firm composed of two named partners, on the ground of non-residence; it was levied on certain personalty as the property of the firm; a replevy bond was given by the firm, with certain persons as sureties, under the Civil Code (1910), § 5113, conditioned to pay the plaintiff the amount of the judgment and costs that plaintiff might recover in the case; a declaration was then filed on the attachment, to which the firm filed an answer. Afterwards an order was taken suggesting the death of one of the members of the firm, striking his name from the case, and authorizing the case to proceed against the surviving partner and against him individually. The sureties were allowed to intervene and to set up that their risk had been increased by the dismissal of one of the parties defendant. This contention was adjudicated in favor of the sureties, and on exception the judgment was reversed by this court, it being ruled that the risk of the sureties was not increased by the dismissal of a deceased partner from the case, which was expressly allowed to be done by statute, and in consequence of the other facts stated in the intervention. *Watts* v. *Langston,* 135· *Ga.* 161 (68 S. E. 1115). When the case came on for another trial, the remaining partner and the sureties filed pleas setting out that the remaining principal had been discharged in bankruptcy, the sureties also contending that such discharge increased their liability and therefore discharged them. The issues thus raised by the pleas were submitted to the presiding judge ·without a jury. He rendered judgment, striking the remaining principal from the case, overruling the plea of the sureties, and directing that the case proceed as against them on the ground that the bond was given by the partnership in a case against a partnership. The sureties alone excepted. There was no exception taken to the striking of the remaining party from the case. *Held,* that as the bond· only provided for its payment upon liability being established against the principal, and as the ability to determine the extent of such liability had been destroyed by striking from the case the only remaining defendant, the case should not have proceeded, but should have been dismissed as a whole. It is accordingly directed that the case as against the sureties also be dismissed, without adjudicating whether the discharge of the principal affected their liability, or whether the case might have proceeded against the principal so far as to determine the extent of the liability enforceable against the sureties without proceeding against the principal individually.

*Judgment reversed, with direction. All the Justices concur.*
SEPTEMBER 21, 1914.

Attachment and intervention. Before Judge Jones. Rabun superior court. February 25, 1913.

*W. A. Charters* and *H. H. Dean,* for plaintiffs in error.
*Joseph T. Davis* and *W. S. Paris,* contra.