CAROLINA PORTLAND CEMENT COMPANY *et al. v.*

TURPIN.

Where a manufacturer of bricks submits to his customers a number of bricks as samples, and stipulates to sell others as good in quality, such stipulation amounts to an express warranty that the bricks sold and to be delivered will be of as good quality as the samples submitted.

(a) Where goods are sold under an express warranty as to quality, the vendee is not bound to inspect before acceptance, and if they afterwards be found to be defective, damages arising from such defect may be recovered against the vendor; but if they be defective, and the vendor knows of the defect, and with such knowledge accepts the goods, he will be deemed to have waived the defect, and, in a suit for the purchase-price, will not be heard to recoup damages arising therefrom.

(b) There was no issue for submission to the jury, and the court did not err in directing the verdict.

Submitted July 18,—Decided November 10, 1906.

Attachment. Before Judge Hodges. City court of Macon. December 18, 1905.

*Lane & Park,* for plaintiffs in error, cited: Civil Code, § 3556; *Ga. R.* 46/261; 56/86 (6, 7); 105/580, 581; 98/459; 62/240, 241; 30/418; 26/704; 122/370; Tiffany on Sales, 248; Wood's Mayne on Dam. 264, sec. 224; 24 A. & E. Enc. L. 1158(2).

*Steed & Ryals,* contra, cited: Civil Code, §§ 3556-57, 5331; *Ga. R.* 91/333; 105/577; 119/489; 122/370; 56/90(7); 46/261-(1); 124/684; 98/460; 116/784(2); 121/311; 91/396; 97/241; 94/171; 26 L. R. A. 167; 128 Fed. 672, 678; 28 Minn. 480; 92 Fed. 290(3); 15 A. & E. Enc. L. 1257-60; 30 Id. 209-14; 24 Id. 1134, 1155.

ATKINSON, J. In this case the record discloses that the plaintiff, being a brick manufacturer, contracted to sell to the defendant, a dealer in bricks, certain quantities of bricks of quality equal to samples which were exhibited. Bricks of the number contracted for were shipped by the plaintiff to the defendant. Upon receipt of

the bricks they were inspected, and, the defendant contends, were deficient in quality. Knowing of the alleged defects, the defendant paid the freight charges and accepted the bricks, making complaint as to quality, but nevertheless selling them to his customers, some at the market price, and others at a reduced price on account of the defective quality. When sued for the purchase-price, the defendant pleaded the deficiency in quality, and sought to recover damages. Unless the defendant's claim for damages was meritorious, the evidence was such as to eliminate all issues and demand a verdict for the plaintiff for the full amount sued for. After hearing all the evidence, the judge decided there was no merit in the defendant's claim for damages, and thereupon directed a verdict in favor of the plaintiff for the full amount alleged to be due. The defendant assigns error.

Under the facts enumerated, the warranty as to quality was express. That being true, there was no duty of inspection by the vendee; but having inspected before acceptance, and (according to the defendant's contention) having discovered the defects in the bricks about which complaint is made, it was the duty of the vendee then to have rejected them. In every barter and sale there ought to be some point at which the transaction on both sides should be closed. When both parties are competent to contract, and there is delivery by the vendor, intended for a compliance upon his part with the contract, and acceptance by the vendee, then is the last time at which the vendee should be heard to raise a complaint concerning any defect in the thing sold of which he has notice. By acceptance with full knowledge, the thing is his, and there is no reason in law or morals why that should not be the closing incident to the transaction. So it may be said that acceptance with knowledge of the defect waives the defect, and the vendee can not afterwards be heard to complain. Upon this point the case is controlled by the rulings made in the cases of *Henderson Elevator Co.* v. *North Georgia Milling Co.,* ante, 279, and *Springer* v. *Indianapolis Brewing Co.,* ante, 321. The defendant having, by acceptance with full knowledge of the defect complained of, lost the right of recoupment, and there being no issue left for submission to the jury, the court did not err in directing the verdict.

*Judgment affirmed.    All the Justices concur.*