### 19354. LUDDEN & BATES SOUTHERN MUSIC HOUSE *v.* TONEY.

DECIDED MARCH 7, 1929.

*Robert B. Williamson,* for plaintiff.
*Hoyt H. Whelchel,* for defendant.

BROYLES, C. J. 1. "A plea of total failure of consideration to a suit for the contract price of certain articles is not supported, where the evidence fails to show that the articles are entirely worthless; and in the absence of any data from which the jury could ascertain how much less the goods are worth than the contract price, it is not error for the court to direct a verdict for the plaintiff." *Clegg-Ray Co.* v. *Indiana Scale & Truck Co.*, 125 *Ga.* 558 (54 S. E. 538), and cit.

In the instant case the defendant's plea of a total failure of consideration was not sustained by the evidence. The defendant's own testimony showed that the piano in question (the second piano shipped to him by the plaintiff) was retained by him in his home for more than a year, and there is a fair inference from his testimony that the piano, during that time, was used by his wife in giving music lessons to her pupils. Obviously it had some value. There was evidence showing a partial failure of consideration, but no sufficient data was given to enable the jury to calculate and ascertain how much less than the contract price the piano was worth. Therefore, under the above-stated ruling in the *Clegg-Ray* case, the plaintiff was entitled to the direction of a verdict in its favor for the full amount sued for.

(*a*) Moreover, the undisputed evidence disclosed that the defendant knew of the defects in the piano when he received it from the plaintiff, and, although making complaints to the plaintiff about the defects, he kept and used the piano in his home for about seventeen months. Under such circumstances the defects in the piano were waived by the defendant, and he will not thereafter be heard to complain. *Carolina Portland Cement Co.* v. *Turpin,* 126 *Ga.* 677, 678 (55 S. E. 925).

2. Under the pleadings and the evidence there was no rescission of the contract of purchase, and the defendant's plea that he be allowed to recover from the plaintiff the total amount of the monthly installments previously paid by him on the purchase-price of the first piano (which he kept and used for about fifteen months and until he received from the plaintiff another piano in exchange therefor) should have been rejected by the court and jury.

3. From the above-stated rulings it follows that the verdict in favor of the defendant for $170 (the amount of the installment payments made by the defendant), and interest, was contrary to

law and the evidence, and that the refusal to grant a new trial was error. As these rulings are controlling in the case, the special grounds of the motion for a new trial are not passed upon.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*