## CONSOLIDATED PECAN SALES CO. v. DENISON PEANUT CO.

### No. 8984.

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1939.

Rehearing Denied Dec. 13, 1939.

Leonard Farkas and Walter H. Burt, both of Albany, Ga., for appellant.

D. H. Linebaugh, of Muskogee, Okl., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is a suit for breach of contract brought by the Denison Peanut Company, a Texas corporation, against the Consolidated Pecan Sales Company, a Georgia corporation. On motion the court below directed a verdict for Denison Peanut Company and the Consolidated Pecan Sales Company has appealed.

In April, 1936, the Denison Peanut Company sold the Consolidated Pecan Sales Company certain described shelled pecans. The sale contract specified the amount of pecan meats sold, the price to be paid for each named grade, and the terms of payment. The meats were sold f. o. b. Denison, Texas, to be shipped in May or June by rail to New York City.

Two consignments of pecan meats were delivered under the contract. One shipment went to New York and the other to Chicago. The appellee had a representative in New York and no misunderstanding arose over this shipment. The shipment to Chicago, where appellee had no representative, was challenged as not coming up to grade. Newsom & Kerwin were Chicago Brokers for the Consolidated Company.

A dispute arose between the parties over the Chicago shipment of pecan meats, the brokers there claiming that the shipment was of a lower grade than that provided for by the contract. The Denison Company insisted that the merchandise was fully up to grade and refused to accept

payment calculated on the price of lower grades. This dispute culminated in the appellee refusing to make further deliveries unless inspection of pecan meats was made at Denison, Texas. Meanwhile the price of pecans was steadily advancing.

The Consolidated Company wanted the pecan meats shipped to Chicago to fill sale contracts they had made with customers there and who were pressing them to fill the orders since the prices had advanced. On June 30, 1936, replying to the insistence of Consolidated Pecan Sales Company, the Denison Peanut Company informed Consolidated and its brokers that "We don't expect to ship a lot of pecans to Chicago and risk rejection there, as you attempted to reject an earlier shipment; neither are we going to ship a lot of pieces and then have the Consolidated make deduction because of our inability to deliver the 400, whereas we have offered to deliver 500 and allow 4 cts. a pound difference."

The parties had telephone conversations and many letters and telegrams passed between them. On July 2, 1936, they settled their differences in a ten minute telephone conversation. The Denison Company was to be paid the amount it contended for on the Chicago delivery, and it agreed by telephone to ship the pecan meats to Chicago. This new agreement was confirmed by both parties. The appellant confirmed by telegram as follows:

"Albany, Ga., 1009 AM July 2, 1936
Denison Peanut Co.,
Muskogee, Okla.

Rephone please make immediate delivery like samples submitted of five hundred cases pieces, fifty-nine cases five hundred count halves due as to Central Cold Storage, Chicago, Stop. These to be stored your name until our buyers make inspection Stop. If merchandise inspected passed Okay will pay contract price less one per cent stop. If merchandise does not meet approval ourselves or our buyers the contract is to be canceled and we to make no claim for non delivery stop. Have Brashear Freight Lines haul as they made rate dollar six for refrigeration to Chicago Stop. Please confirm Advise when shipment leaving so can arrange immediate inspection Stop. Appreciate consideration shown.

Consolidated Pecan Sales Co.
1102 AM."

This telegram was followed by letter and the Denison Company sent its message of confirmation. The Denison Company immediately shipped the pecans to the Central Cold Storage Company, Chicago, as directed by the appellant. The merchandise was placed in storage in the name of Consolidated Pecan Sales Company.

On July 8, 1936, Consolidated wired Denison that it would live up to its telegram of July 2d and letter of July 3d, but asked for an allowance of 1 cent on three hundred cases of the pecan meats. The Denison Company refused the allowance. By letter of July 9th the Consolidated again assured Denison that it would live up to its agreement. On July 22d the Denison Company wrote to the Consolidated and asked that it make up its mind and either accept or reject the shipment according to the terms of the contract. The Consolidated made no effort to reject the shipment, but took the meats, converted them to its own use, and proceeded to deliver them to its customers.

Long after the delivery of the pecans under the new agreement and on October 2, 1936, the Consolidated Company wrote Denison: "We have settled with our buyers on an allowance of 4¢ per pound, and we are willing to settle on this basis with you. We are therefore enclosing you our check in full settlement for $6,769.10, covering your invoices, less 4¢ per pound." Denison declined to accept the check and returned it to Consolidated. It then brought suit to recover the full contract price of the pecan meats.

When the immaterial evidence is stripped from the record, the facts admit of but one reasonable conclusion: A new contract, supported by sufficient consideration, was entered into by the parties. The contract was without ambiguity and by its terms the Consolidated Company was bound to do one of two things when the pecan meats reached Chicago: It had to accept the shipment or reject it in compliance with its contract, "If merchandise inspected passed Okay will pay contract price less one per cent. If merchandise does not meet approval ourselves or our buyers the contract is to be canceled. * * *" Consolidated accepted the shipment of pecan meats and disposed of them and cannot now be heard to dispute its solemn agreement. Henderson Elevator Co. v. North Georgia Milling Co., 126 Ga. 279, 55 S.E. 50; Carolina Portland Cement Co. et al. v. Turpin, 126 Ga. 677, 55 S.E. 925; Christian v. Knight & Co., 128 Ga.

501, 57 S.E. 763; Springer v. Indianapolis Brewing Co., 126 Ga. 321, 55 S.E. 53.

There was no error in directing a verdict for the plaintiff.

The judgment is affirmed.