27683. WILSON *v.* WILLINGHAM-TIFT LUMBER CO.

DECIDED NOVEMBER 8, 1939.

*C. E. Presley,* for plaintiff in error.

*Jones, Fuller & Clapp, Alexander P. Gaines,* contra.

STEPHENS, P. J. This was a suit by Willingham-Tift Lumber Company against W. O. Wilson, to recover the purchase-price of lumber and building materials alleged to have been furnished to the defendant by the plaintiff. There was no dispute that the mate-

rials were furnished at the purchase-price alleged. The only defense relied on was that a number of doors which the plaintiff furnished and delivered were not in accordance with the provisions of the contract. It was contended, and testified by the defendant, that, according to the contract, the plaintiff was to furnish doors made of yellow pine, but that in fact the doors which were furnished and delivered were not made of yellow pine; that the defendant accepted some of the doors and placed them in his house, and stored the others, but that on account of the doors not being of yellow pine, and for that reason not in keeping with the rest of the woodwork in the house, the doors which he placed in the house were not uniform with the rest of the woodwork, after they were stained; that the defendant was not indebted to the plaintiff for the doors, but that the plaintiff was indebted to the defendant in an amount as damages for the alleged breach of the contract.

■ It appears from the evidence that the defendant protested to the plaintiff that the doors which had been delivered were not such as were called for by the contract, and that the defendant did not owe therefor. It appears that the defendant retained possession of the doors, and at the time of the trial still had possession of them; and it does not appear that the defendant tendered the doors back to the plaintiff, or had ever made any continuous tender, or had offered to keep the doors for the plaintiff's benefit. There is no evidence whatever as to the difference in the value of the doors which were delivered and that of doors of the character which the defendant contended should have been delivered. The evidence adduced in behalf of the defendant, including his own personal testimony, is vague and uncertain as to what doors were accepted and used in the house, and what doors were not used, which the defendant had in storage in his garage.

■ It appears without dispute that the defendant did not offer to return the doors which the plaintiff had delivered to him, but that he accepted them. Nor does it appear in what amount, if any, the defendant was damaged by the delivery to the defendant by the plaintiff of doors not in accordance with the terms of the contract. The verdict for the plaintiff, in an amount representing the purchase-price of the lumber and materials furnished, was demanded as a matter of law. *Fortson* v. *Strickland,* 23 *Ga. App.* 607 (99 S. E. 147); *Sutton* v. *Coleman,* 27 *Ga. App.* 406 (108 S. E. 803);

*Ludden & Bates Southern Music House* v. *Toney,* 39 *Ga. App.* 488 (147 S. E. 719).

■ Testimony as to what particular kind of lumber a person would recommend for the defendant's building, or what was customary in the building trade, was not in any way illustrative of the issues, and was properly excluded.

■ It not appearing from the assignments of error on the exclusion or rejection of testimony what testimony was offered or rejected, no error is shown.

■ The court did not err in directing the verdict for the plaintiff in the amount of the purchase-price of the lumber and material, or in the rejection or exclusion of testimony.

■ The judge of the superior court did not err in overruling the defendant's certiorari, excepting to the judgment of the judge of the municipal court of Atlanta, DeKalb division, overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*