38625. GENERAL CASUALTY COMPANY OF AMERICA v. WORTHINGTON CORPORATION.

TOWNSEND, Presiding Judge. 1. Where there is a contract for the purchase of merchandise followed by delivery, acceptance by the vendee of such merchandise with knowledge of defects in its condition constitutes a waiver by the vendee as to such defects. *Carolina Portland Cement Co. v. Turpin,* 126 Ga. 677 (55 S. E. 925); *Wilson v. Willingham Tift Lmbr. Co.,*

60 Ga. App. 901 (1) (5 S. E. 2d 611); *Frank & Meyer Neck-wear Co. v. White,* 32 Ga. App. 613 (1) (124 S. E. 116).

2. Gordon-Crowe Co., whose bond the defendant Casualty Company of America executed, entered into a certain subcontract to install heating and electrical equipment in a warehouse, and thereafter by written contract ordered the machinery necessary from the plaintiff Worthington Corporation, consisting in part of two air conditioning units. The plaintiff was furnished a copy of the plans and specifications, showing that the power wiring on the building in question was for the purpose of transmitting 440 volt current. Subsequently Gordon-Crowe Co. stated to the plaintiff that the owner desired to save money by installing a combined heating-cooling system instead of the air conditioning units with a separate heating system as originally contemplated, and all companies agreed to the substitution of heating-air conditioning units by the plaintiff in the place of the cooling units at an increase in price which was duly paid. The substituted units were delivered in crates and remained in storage on the job site for approximately two months before Gordon-Crowe Co. used them in actual installation, at which time the latter company found them to be fitted for use with 220 volt rather than 440 volt current. Gordon-Crowe, being pressed for time, proceeded to install the equipment, which was fully satisfactory except that modifications in the wiring system of the building had to be made at a cost of $1,200, which Gordon-Crowe then deducted from the purchase price paid the plaintiff, and it is for this sum that the plaintiff sues. The defendant's contention is that, in so doing, its indemnitee did not waive the alleged defect (failure to comply with specifications by furnishing units suitable for 440 volt current) but proceeded to accept the merchandise subject to the defect and charge the cost of remedying the defect against the plaintiff, a permissible method of procedure. *Bandy Bros. v. Frierson's Sons,* 138 Ga. 515 (75 S. E. 626).

This case is here only on the general grounds of the motion for a new trial. The evidence of the plaintiff's agent is that he made the substitution as requested by the subcontractor and was told at the time that the owner desired the changes. The architect's testimony is that he approved the equipment installed with the modifications made. The plaintiff did not

manufacture combined heating-cooling systems operating on 440 volt current, and there appears to be no fraud or misplaced confidence in the change in order. The court, hearing the case without a jury, was authorized to find that the plaintiff was given to understand the subcontractor desired the equipment which was delivered to it, and which delivered equipment operated on 220 volt current. The subcontractor kept the equipment in his possession for about two months without using it, and there appears no reason why its agents were not aware in the first instance that the substituted equipment he ordered operated on 220 volt current, or why it failed to discover the fact during the two months the equipment was in storage on the location. The evidence as a whole authorizes the conclusion that the equipment was not defective and that it was delivered as ordered; that while the plaintiff knew the original specifications called for 440 volt current its agents did not know that the defendant expected the units delivered to be 440 volt current because an adjustment could be made in the wiring of the warehouse to accommodate the substituted units, and the plaintiff was justified in assuming such changes were among those he was informed were being made. The equipment ordered and delivered was not defective in any way; the loss to the subcontractor appears to have resulted either in an error in judgment on its part as to what a modification of the wiring would cost, or failure to make explicit in its order the type of machinery necessary in view of the changes contemplated, and its further failures either to check the equipment on delivery or to request a further substitution when it became apparent that the voltage was not as expected. There was sufficient evidence to support a judgment in favor of the plaintiff for the balance due under the contract without deduction for sums paid out by the subcontractor in rewiring portions of the building where the equipment was to be used.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*

DECIDED JANUARY 17, 1961—REHEARING DENIED FEBRUARY 1, 1961.

*Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* for plaintiff in error.

*Charles H. Hyatt, John R. Thompson,* contra.