### 72312. BUFFINGTON v. GOLD KIST, INC.
(346 SE2d 577)

SOGNIER, Judge.

James Buffington brought suit against Gold Kist, Inc. alleging breach of contract and breach of various warranties in the sale of sorghum grain. Gold Kist answered and counterclaimed for sums due under an overdue promissory note executed by Buffington. The trial

court found in favor of Gold Kist on its motion for summary judgment as to its counterclaim and Buffington's claim. The trial court denied Buffington's motion for reconsideration. Buffington appeals.

Appellee filed its motion for summary judgment on September 26, 1985, with affidavit and exhibits showing that appellant purchased the sorghum grain in July 1982, complained to appellee about it in September 1982, then signed a promissory note in 1984 acknowledging his debt to appellee, including the debt for the sorghum grain. Appellant made no response to appellee's motion and on December 13, 1985, the trial court ruled in favor of appellee on its claim and against appellant on his claim. "When a motion for summary judgment is submitted and supported by evidence, the adverse party may not rest his case as made but must set forth specific facts and present his case in full in order to show there is a genuine issue for trial. [Cits.]" *Alghita v. Universal Investment &c. Co.*, 167 Ga. App. 562, 566-567 (307 SE2d 99) (1983). There being no genuine issue of material fact about appellant's execution of the promissory note and about appellant's waiver of any alleged defect in the sorghum grain, see *Atlantic Aluminum &c. Distrib. v. Adams*, 123 Ga. App. 387, 390 (1) (181 SE2d 101) (1971), the trial court did not err by granting appellee's motion for summary judgment on its counterclaim and appellant's claim. Appellant's affidavit, submitted a week after the grant of summary judgment as part of appellant's motion for reconsideration, was not timely filed, OCGA § 9-11-56 (c), see *Martin v. Newman*, 162 Ga. App. 725, 726 (2) (293 SE2d 18) (1982), and we find no abuse of the trial court's discretion in denying appellant's motion. See generally *Brawner v. Martin &c. Produce*, 116 Ga. App. 324, 326 (2) (157 SE2d 514) (1967).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 5, 1986 —
REHEARING DENIED JUNE 18, 1986.

*William Ralph Hill, Jr.*, for appellant.
*Norman S. Fletcher, David A. Handley, Jane Childs Carr*, for appellee.