### 73607. JONES v. GORDON.
(354 SE2d 658)

SOGNIER, Judge.

Lennie W. Jones brought suit against Alan Gordon, attorney-at-law, and Pat Jones & Associates, Court Reporters (Pat Jones) alleging, inter alia, damage to Jones' credit reputation. The trial court granted Gordon's motion for summary judgment and Jones appeals.

Appellee was engaged by Pat Jones to collect a long overdue court reporting fee of $121.50 from appellant, a practicing attorney. Appellant failed to respond to appellee's letters until after appellee filed suit against her, at which time she tendered a check to appellee

for that sum. Appellee thereupon informed appellant by letter dated November 26, 1984 that although suit had been filed, it would be dismissed upon receipt of appellant's check for an additional $30.05, representing court costs and accrued interest. The record affirmatively discloses that appellant's second check, for $30.05, was mailed to an incorrect address and it is thus undisputed that when the case came on regularly for trial in January 1985 appellee had not received any further payment from appellant. Appellant had never answered the lawsuit filed by appellee and upon her failure to appear for trial, default judgment was entered against her. Appellee returned her check for $121.50 to her at this time. Appellant filed a motion to set aside the default judgment (eventually denied); while that motion was pending, appellee instituted garnishment proceedings against appellant's bank account. After unsuccessful attempts to traverse the garnishment and to appeal directly the denial of the traverse, appellant filed the instant action against appellee and Pat Jones. The suit sought damages for injury to appellant's credit reputation caused by appellee's alleged acts of fraud and misrepresentation in his November 1984 letter; wrongful garnishment of appellant's bank account while the motion to set aside the judgment was pending; and wrongful withholding of her original check for two and one-half months with the intention of depriving appellant of her funds.

Appellant contends the trial court erred by granting summary judgment to appellee because genuine issues of material fact exist. Appellant fails to specify what genuine issues allegedly do exist; however, our review of the record clearly demonstrates the absence of any remaining issues of fact. Appellant presented no affidavits or any other sworn evidence competent under OCGA § 9-11-56 (e) to rebut appellee's affidavit filed in support of his motion for summary judgment. Appellant's sole response to appellee's motion was an unsworn recitation of facts already in the record. Contrary to appellant's second enumeration that her response was not considered, the record reveals that the trial court specifically stated in its order that despite the fact this "response" was filed 21 days late, it was considered by the trial court in rendering its judgment. Therefore, looking to the merits of appellant's arguments, we note initially that it was not improper as a matter of law for appellee to garnish appellant's bank account while her motion to set aside the default judgment was pending. "[I]n the case of a default judgment, execution may issue and enforcement proceedings may be taken at any time after entry of judgment." OCGA § 9-11-62 (a). Further, contrary to appellant's argument, a motion to set aside a judgment is not one of those motions enumerated in OCGA § 9-11-62 (b) which act as a supersedeas, and "absent supersedeas, judgments are effective and therefore payable upon entry." *Leventhal v. C & S Nat. Bank,* 249 Ga. 390, 393 (4)

(291 SE2d 222) (1982).

Next, it is uncontroverted that appellant was not deprived of her funds since her original check was never negotiated, but instead was returned to her by appellee. Appellant's allegation of fraud or misrepresentation was denied by appellee in his unrebutted affidavit offered in support of his motion for summary judgment in which he stated, based on personal knowledge, that he took no action not specifically contemplated by the November 1984 letter and that all actions taken by him relative to appellant were made in good faith solely in the course of representing his client. There is no evidence in the record to controvert the validity of appellee's statements. Finally, appellee in his affidavit denied receipt of appellant's second check or any other response to his November 1984 letter; appellant, by her own admission, had mailed the second check to an incorrect post office box. Thus, appellant's allegations as to this matter are without evidence to support them.

Since all the evidence of record was unrebutted and pierced the allegations in appellant's complaint, summary judgment was appropriate and the trial court did not err by granting appellee's motion. See *Buffington v. Gold Kist*, 179 Ga. App. 393 (346 SE2d 577) (1986). *Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 3, 1987.

Lennie Jones, *pro se.*
*Sheryl D. Fambrough*, for appellee.