No. 98.—BENSON ROBERTS, administrator of Jefferson Adams, deceased, plaintiff in error, *vs.* WILLIAM PRIOR, defendant in error.

[1.] A contract for the hire of a negro at a stipulated price, to be paid at the end of the year, is a liquidated demand and bears interest.

[2.] A debt is liquidated when it is certain how much is due and when it is due.

[3.] An unliquidated claim is one which one of the parties to the contract cannot alone render certain.

Assumpsit, in Pike Superior Court. Tried before Judge GREENE, April Term, 1856.

Benson Roberts, as administrator of Jefferson Adams, brought an action of assumpsit against William Pryor, on the following account:

|  | | Wm Pryor, to Jefferson Adams, | | Dr. |
|---|---|---|---|---|
| 1849. | Jan. 1. | To hire of negro boy Jim for 1848, | $220 | 00 |
| | | Int. on same for 3 years to Jan. 1. 1852, | $47 | 25 |
| 1850. | " " | Hire of negro boy Jim for 1849, | $225 | 00 |
| | | Int. for two years to Jan. 1852, | $31 | 50 |
| 1851. | " " | Hire of negro boy Jim for 1850, | $225 | 00 |
| | | Int. for one year to Jan. 1852, | $15 | 75 |
| 1852. | " " | Hire of negro boy Jim for 1851, | $225 | 00 |

The defendant pleaded payment.

The only question which arose in the progress of the trial of the cause, was as to the interest.

Counsel for the plaintiff requested the Court to charge the Jury, that plaintiff was entitled to recover interest on the balance due for the hire of the negro boy Jim, from the different dates at which the hire was due. The Court refused to give the charge, and decided that plaintiff's claim was an unliquidated demand, and did not carry interest.

To which charge and refusal to charge Counsel for plaintiff excepted.

ALFORD & MOORE; WHITTLE, for plaintiff in error.

STARKE, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Is a contract of hire for a negro at a stipulated price to be paid at the end of the year, an open account or a liquidated demand?

[2.] We had supposed that if any thing was settled, this point was. In *Nisbet and Lawson*, we stated the rule to be, that whenever the demand was fixed and certain, either by the agreement of the parties or by operation of law, that it was liquidated, with or without writing. And Mr. *Bouvier* says: "Liquidated" is that which is made clear, certain, manifest; as, liquidated damages, ascertained damages; liquidated debt, an ascertained debt, as to amount. A debt is liquidated when it is certain what is due and how much is due: *cum certum est an et quantum debeatur.* For although it may appear that something is due, if it does not also appear how much is due, the debt is not liquidated.

[3.] An unliquidated claim is one which one of the parties to the contract cannot alone render certain. (2 *Bouvier's Law Dictionary, p.* 86.) .

We despair of ever stating the rule with more perspicuity than we have already done, and are clear that the plaintiff was entitled to interest.