ger or places that could be reasonably regarded danger-
ous, or by reasonable care could be seen to be danger-
ous; and that a recovery would be defeated by slight
negligence, the opposite of extraordinary care, or by a
less degree of negligence than ordinary negligence, the
opposite of ordinary care.

MCCUTCHEN & SHUMATE and WRIGHT & HARRIS, for
plaintiff in error.   DEAN & SMITH, *contra.*

CRAPP *v.* DODD.

92 405,
f112 262

1. To authorize a verdict in favor of the plaintiff in a suit upon an
   open account without proving the account, the case must be in
   default, and it must affirmatively appear that the service was per-
   sonal.  Code, §3457.  Appearing and answering at the first term,
   though no written plea was filed, would relieve the case from be-
   ing in default; and an entry by the sheriff that he had served the
   three defendants to the action, naming them, " each with a copy
   of this within writ and process," does not, for the purposes of
   the section cited, sufficiently show that the service was personal.
   Consequently the court, under these circumstances, erred in di-
   recting a verdict for the plaintiff without proof of the correctness
   of the account.
2. The declaration not alleging when the account sued on became
   due, even if the plaintiff had been entitled to a verdict without
   introducing evidence, the verdict could not properly include in-
   terest from any day prior to the filing of the declaration.  To re-
   cover such interest on this declaration, there should have been
   evidence that the account became due on the day from which the
   interest was allowed, suit having been begun within two months
   from the date of the last item of the account.
3. When a suit is pending against a partnership composed of three
   members, and one of them dies, upon his death being suggested
   of record, the case may proceed without further order against the
   other two partners as survivors.  Code, §3444.

April 10, 1893.  Argued at the last term.          *Judgment reversed.*

Complaint.   Before Judge JANES.   Haralson superior
court.   January adjourned term, 1892.

Suit on an open account was brought by Dodd against
" the Tallapoosa Contracting Company, a firm composed

of T. S. Crapp, Frank J. Maiers and G. W. Cooper,
.   .   which account the said T. S. Crapp and Frank
J. Maiers refuse to pay." The sheriff's entry of service
states that he served Crapp, Maiers and Cooper " each
with a copy of this within writ and process." At the
appearance term they appeared and answered the case
through their attorney whose name was marked as coun-
sel for defendants by the presiding judge, and who also
marked the case " answered." Upon the call of the case
for trial the parties announced ready. Counsel for de-
fendants then took an order suggesting the death of
F. J. Maiers of record. Plaintiff's counsel then called
the court's attention to the fact that no written plea had
been filed by defendants ; whereupon the court, after
ascertaining the nature and character of the entry of
service, directed the jury to return a verdict for the plain-
tiff " against T. S. Crapp and G. W. Cooper, surviving
partners of the Tallapoosa Contracting Company," for
the amount sued for, with interest from May 5th, 1890.
The dates of the items charged in the bill of particulars
attached to the declaration began with April 8th, and
ended with April 30th, 1890, and there was a credit of
a sum paid on May 3d, 1890. The declaration was filed
on June 25, 1890. T. S. Crapp, assigns error : (1) In
directing the verdict over defendant's objection, without
proof of the account sued on, the case not being in de-
fault, and the service upon defendants not being per-
sonal service. (2) In directing interest to be found from
May 5th, 1890, there being no such time mentioned in
the account sued on, from which to compute interest.
(3) In permitting a verdict to be taken against Crapp
and Cooper as surviving partners, the case not having
been dismissed as to Maiers, and the debt not having
been declared on as a joint and several liability.

W. F. BROWN, for plaintiff in error.