STOVER *v.* ATLANTIC ICE & COAL CORPORATION.

ARNOLD *et al. v.* ATLANTIC ICE & COAL CORPORATION.

BECK, P. J.   1. It is not essential in this case to decide whether or not the amount claimed by the plaintiff in the court below bore interest from the time the original suit was brought; but it did bear interest from the date of the contract of December 29, 1922, executed by the plaintiff and the defendant, wherein it is recited that "F. G. Stover [the defendant] hereby admits and acknowledges that he is indebted to Atlantic Ice and Coal Corporation [the plaintiff] in the sum of $28,115.48." The demand of the plaintiff then became liquidated, and will bear interest from that date, under the provisions of section 3434 of the Civil Code, relating to interest on liquidated demands.

2. The judgment of the lower court, which was brought by writ of error to this court for review, was demanded by the uncontroverted facts presented in the record.

3. The property of the debtor was properly held subject to the judgment and decree in favor of the defendant in error. So far as concerns the property in controversy, that property was exhausted by the transfer of title from the defendant in the original suit to the defendant in error, and no right, title, or interest in the property or any part thereof remained in the debtor, to which a lien could attach in favor of his attorneys in the suits which resulted in the judgments in the two cases.

*Judgments affirmed. All the Justices concur, except Gilbert, J., disqualified.*

NOS. 4515, 4529.   DECEMBER 13, 1924.

Equitable petition; intervention. Before Judge Bell. Fulton superior court. August 4, 6, 1924.

In an equitable petition filed by the Atlantic Ice and Coal Corporation against F. G. Stover, it was alleged that prior to July,

1921, Stover was employed by petitioner as sales manager of the coal department and had charge of the purchasing of coal from the mines and the sale of coal to customers of the petitioner; that through Stover's influence and under his recommendation the petitioner entered into a contract with Logan-Pocahontas Fuel Company, under which contract the latter company was to furnish large quantities of coal to petitioner for a period of five years. Unknown to petitioner, Stover entered into a secret contract with the Logan-Pocahontas Fuel Company, whereby he was to receive a commission of five cents per ton on all coal purchased from that company by petitioner. In the course of eighteen months Stover collected, under this secret contract, $28,115.48, or more. Of these funds, Stover invested part in the following property, to wit: a lot on Piedmont Avenue, a lot on the corner of Luckie and Hayden Streets, a residence on Westminster Drive,—all in Atlanta, and a Hudson automobile. By the petition it was sought to recover these secret profits, to have the same declared a trust fund, and to have the property just mentioned stand in lieu of the funds.

On an interlocutory hearing, the trial court granted an injunction, which judgment was affirmed. *Stover* v. *Atlantic Ice & Coal Corporation*, 154 *Ga.* 228 (113 S. E. 802). After the case was returned to the superior court, the parties sought to fix their respective rights and to administer the property with as little expense as possible, under a contract dated December 29, 1922. This contract recited the pendency of the suit in the superior court, and the fact that the Atlantic Ice and Coal Corporation was undertaking to have declared in its favor a trust in the property above described; and then stipulated: "First. F. G. Stover hereby admits and acknowledges that he is indebted to the Atlantic Ice & Coal Corporation in the sum of $28,115.48. Second. Said Stover further admits and recognizes that the property hereinbefore described is subject to the payment of said indebtedness." It was further agreed that Stover should have until April 1, 1923, to sell and dispose of the property, applying the proceeds first to the liquidation of this debt; that the property should not be sold by Stover for less than the amount of the indebtedness due the Atlantic Ice & Coal Corporation; that if Stover failed to sell the property on or before April 1, 1923, it should be placed in the hands of a real-estate agent and sold for the best obtainable price, the proceeds

of the sale to be applied first to the Atlantic Ice and Coal Corporation's indebtedness; and said company agreed to take up a claim against the Luckie Street property in favor of T. R. Sawtell. The Westminster Drive property having been sold by consent, the proceeds of the sale standing in the place of the property, Stover agreed that the cash and promissory notes derived from the property should be applied first to reimburse the Atlantic Ice & Coal Corporation for any amounts that it was necessary for it to pay in taking up the T. R. Sawtell claim, and any balance should be applied on the indebtedness of the Atlantic Ice & Coal Corporation. It was also agreed that the restraining orders in force should so remain, and that necessary orders should be taken to permit the carrying out of the terms of this contract.

The Atlantic Ice & Coal Corporation paid the Sawtell claim. Stover turned over to the company the cash and notes derived from the sale of the Westminster Drive property; and the parties entered into a writing dated January 6, 1923, reciting the receipt on the part of the Atlantic Ice & Coal Corporation of three purchase-money notes of $2800 each, dated August 31, 1922, executed by Oscar Weinmeister and payable to Frank G. Stover, and the receipt of $3431.66 in cash. Said paper recited that said notes with accumulated interest were accepted as cash and that the full amount received was $12,027.66, which sum was to be applied as follows: $7807.22 to liquidating the amount advanced to T. R. Sawtell in settlement of the claim against the Luckie Street property, and $4220.44 to be applied on the indebtedness of Stover of $28,115.48. Said paper further recited that "the application of said funds as above set forth is in pursuance of the performance of said contract of December 29, 1922." To this writing, which was signed by the Atlantic Ice and Coal Corporation, the following was appended: "The undersigned hereby accepts said agreement, and agrees that the recitals therein are true. [Signed] Frank G. Stover." Stover did not sell the property within the time allowed. The best offer obtained by the real-estate agent for the property Stover refused to accept. Having failed to sell the property, he agreed to turn the rental thereof over to the Atlantic Ice & Coal Corporation to be applied on the indebtedness; and this he failed to do, except the rental for one month, amounting to $140.

On November 15, 1923, the Atlantic Ice & Coal Corporation,

after leave obtained, filed in the superior court a petition in the nature of a supplemental petition in aid of the original suit. That petition gave the history of the case to date, set up the contract of December 29, 1922, and alleged: that Stover had failed to sell the property, and had refused to accept the best price obtainable; that he had agreed to turn the rents over to the Atlantic Ice & Coal Corporation and had refused to do so, except for one month, amounting to only $140; that the Atlantic Ice & Coal Corporation had been forced to advance $612 for back taxes to protect the property; that Stover had refused to pay the 1922, 1923, and part of the 1921 taxes, and the same had been allowed to go to fi. fa.; and that Stover had been acting in bad faith in delaying the sale of the property and in refusing to pay the upkeep and taxes, while at the same time he was enjoying the revenue therefrom. The petition prayed for the appointment of a receiver, and that the property be sold at receiver's sale and the proceeds applied upon the Atlantic Ice & Coal Corporation's indebtedness. An ex parte receiver was appointed by the court. Thus the matter stood until May 10, 1924, when the supplemental petition came on for hearing on its merits, at which time a consent order was entered, which in substance provided: That an appraisement should be had of the Luckie Street property, of the Piedmont Avenue property, and of the Hudson automobile; that the appraisers and umpire appointed in the order should examine the property and fix the market value thereof; that the appraisers and umpire should make their written report to the court within ten days from the date of the order; that the report should show description of the property and the value fixed on each piece separately; that after the values were so fixed the matter should stand open 30 days, during which time the court, through its receiver, would receive bids for cash or reasonable terms for the purchase of the property; and that the court reserved the power to accept or reject such bids. The order also provided: "In the event that none of the bids are accepted, or in the event that no bids are received within the thirty days heretofore provided, it is ordered that said property shall be taken over by the Atlantic Ice & Coal Corporation at the appraised value, to the extent of said Stover's indebtedness to said Atlantic Ice & Coal Corporation. In the event that said properties are appraised at a sum less than the amount of the indebtedness due the Atlantic Ice & Coal Cor-

poration, as herein provided, it is ordered that said properties shall be accepted in full payment of said indebtedness, and no deficiency judgment will be claimed against Stover, and in this event all unpaid City, State, and County taxes against the properties so taken over shall be assumed by the Atlantic Ice & Coal Corporation. In fixing the net amount at which said property is taken over by said Atlantic Ice & Coal Corporation, in the event it is so taken over, all prior liens against said property shall be taken into consideration and proper credits allowed." The order further provided: "The court hereby reserves the right and power to pass such other and further orders as may be necessary and proper to carry out this decree and to finally dispose of this case."

The appraisers and umpire within the time provided in the order appraised the property, reporting to the court the value of each particular piece separately as follows: Luckie Street property, $23,825; Piedmont Avenue property, $3000; 1 Hudson Automobile, $500; total, $27,325. No bids were received by the receiver for the property within the 30 days provided in the order. In July, 1924, the Atlantic Ice & Coal Corporation filed its petition and application to the court, setting up the terms of the order dated May 10, 1924; that the appraisers and umpire had fixed the value of the property, as shown by their report; that no bids had been received for the property within the 30 days provided in said order; that the indebtedness of the Atlantic Ice & Coal Corporation exceeded the appraised value; that the outstanding taxes, which were prior liens and would have to be paid by the Atlantic Ice & Coal Corporation, amounted to $1511.21, not including 1924 taxes, which on the basis of 1923 taxes would amount to $417.54; that the total indebtedness, therefore, against said property, including taxes and the amount due the Atlantic Ice & Coal Corporation, was $29,100.86; that under the terms of the order and the facts set up in the petition, the property passed automatically to the Atlantic Ice & Coal Corporation, and that by virtue of the reservation of power in the court by its order of May 10, 1924, to pass such other and further orders as might be necessary to carry out this decree, the Atlantic Ice & Coal Corporation asked that proper orders be passed declaring the title to the property vested in the Atlantic Ice & Coal Corporation and require Stover to execute titles to the property so that the proper title might conform to the

. actual ownership. To this petition and application Stover filed a response admitting in part and denying in part the allegations of the petition. This application and response came on for hearing on August 6, 1924. After evidence had been introduced and argument of counsel had, the court entered the following judgment: "Under the powers reserved by the consent decree entered in this cause on the 10th day of May, 1924, this case came regularly before me for final disposition. From the record in the case, the admissions in the pleadings, and the undisputed evidence the following findings are made: (a) That the two appraisers and umpire appointed by the court under decree of May 10, 1924, have examined the property described in said order, fixed the present market value thereof, and have filed their written report with this court in all respects as required by said decree. (b) That no bids for said property have been received by or through the receiver in this cause within 30 days from the filing of the report of the appraisers and umpire, as provided in said order, and no bids for cash or on reasonable terms for the purchase of said property, or any part thereof, have been presented to this court. (c) That the indebtedness due the Atlantic Ice & Coal Corporation by the defendant, F. G. Stover, is greater than the appraised value of the property after deducting $900 for taxes (not including 1924 taxes) which is admitted to be due. (d) That the amount due the Atlantic Ice & Coal Corporation by F. G. Stover as principal is $24,625.68, and interest to date at 7 per cent. per annum, from December 29, 1922, to date, to wit: $2743.23, making a total indebtedness of $27,369.61. (e) That the total appraised value of the property is $27,325.00, from which should be deducted the amount of said taxes admitted to be due of $900, making net value of $26,425. (f) In pursuance of and to carry out the terms of the consent decree of May 10, 1924, it is now considered, ordered, and adjudged that the fee-simple title and full ownership of, in, and to the following described parcels of land and personal property is hereby vested in the Atlantic Ice & Coal Corporation, and said Atlantic Ice & Coal Corporation is hereby decreed to be the owner and entitled to possession thereof, to wit [a full description of the property in controversy]. It is further adjudged, ordered, and decreed that said property shall be in full and complete settlement of the indebtedness due the Atlantic Ice & Coal Corporation

by the defendant, F. G. Stover, and that said Atlantic Ice & Coal Corporation pay all unpaid State, County and City taxes, including 1924 taxes; and  :  .  that possession of all of the above described property be turned over to the said Atlantic Ice & Coal Corporation by the receiver  .  .  ; that the defendant, F. G. Stover, do make and execute to the Atlantic Ice & Coal Corporation within ten days from the date of this order a deed to said property in the usual form, but without warranty.  It is further adjudged, ordered and decreed that this court retain jurisdiction of this case for the purpose of winding up the receivership and passing such further orders as may be necessary for the enforcement of this decree and of the consent decree entered May 10, 1924." It is from this judgment that an appeal to this court has been taken.

*Reuben R. & Lowry Arnold* and *A. H. Davis,* for plaintiffs in error.

*L. C. & J. L. Hopkins* and *Spalding, MacDougald & Sibley,* contra.