LINCOLN LUMBER COMPANY *et al.* v. KEETER.

232

No. 6636. October 9, 1928.

*Burnside & McWhorter,* for plaintiffs in error.

*W. A. Slaton* and *B. W. Fortson,* contra.

HINES, J. (After stating the foregoing facts.)

██ The plaintiff sold lumber to the Lincoln Lumber Company, in which he was a stockholder. Among the assets of the company was a charge against him for $3034.33, for culls and cut-offs in the lumber so sold. If this charge was an improper one, the assets of the corporation for distribution among the stockholders would be diminished to that extent. The plaintiff in his testimony concedes that there were culls and cut-offs in the lumber which he sold and delivered to the company; but he insists that the company, in fixing the prices which it was to pay him for his lumber, took into consideration the fact that there would be a certain amount of culls and cut-offs in the lumber which he would deliver, and that the price paid him was fixed upon this basis. Clearly, if the price which the company was to pay the plaintiff was fixed upon the basis of the existence of a certain per cent. of culls and cut-offs in the lumber which he was

to deliver to the company, and the lumber delivered did not contain a greater percentage of culls and short-cuts than that upon which the price was based, then this charge against the plaintiff was an improper one, and should not be allowed. The plaintiff further insists that the lumber sold and delivered by him to the company was inspected by that company, received and paid for in full by it, without any objection, and without any claim for damages arising from the existence of the culls and cut-offs in the lumber delivered. If the lumber company accepted the delivery of inferior lumber from the plaintiff, and, with knowledge of its inferiority and without objection, paid him therefor, it can not complain that the lumber was inferior to that contracted for. In such circumstances the purchaser will be deemed to have waived the defects in the lumber. *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50) ; *Carolina etc. Co.* v. *Turpin*, 126 *Ga.* 677 (55 S. E. 925) ; *Willelt Seed Co.* v. *Kirkeby etc. Co.*, 145 *Ga.* 559 (3) (89 S. E. 486). The evidence, although conflicting, authorized a finding that these contentions of the plaintiff were well founded. Furthermore, it does not affirmatively appear whether the jury allowed or disallowed this claim of the company in reaching the verdict which it rendered. On an examination of the evidence we are of the opinion that the verdict can be sustained upon the theory that the jury allowed this claim. From the above considerations it follows that a new trial should not be granted upon the ground of this claim.

■ The court instructed the jury that, if they should find that the plaintiff was entitled to a sum greater than he owed the Lincoln Lumber Company, they would be authorized to calculate interest on that principal from such time as it became due, at the rate of seven per cent. per annum. The jury returned a verdict in favor of the plaintiff for the principal sum of $2,349.68 as principal, and $527.36 as interest. To this instruction, and to the finding of this interest by the jury, the defendants except. We are of the opinion that the court erred in giving this instruction to the jury, and that the jury erred in finding interest for the plaintiff upon the amount found to be due him from the assets of this company. The claim of the plaintiff to a share in the assets of this company was not a liquidated one. In March, 1926, the stockholders of this company decided to wind up its affairs and dis-

tribute its assets among its stockholders. By an agreement entered into between the company and the plaintiff on April 26, 1927, it was stipulated that the lumber company, by its proper officers, should at once proceed to make a complete and final settlement of its affairs, and determine the interest of plaintiff in the company, and pay him such interest, after deducting therefrom one of his notes given for the purchase-money of its land and machinery, which note had been deposited with the Bank of Lincolnton; that in the event of disagreement as to his interest in the company, as to any account or credits to or from the parties, a bill should be filed for the purpose of settling all differences between the parties. The parties disagreeing as to the amount coming to the plaintiff from the assets of the company, the plaintiff filed his bill against the company and the other stockholders, for an account and settlement. Thus the amount coming to the plaintiff from the assets of the company had never been fixed and liquidated; and this was not done until the return of the verdict of the jury in this case. "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party is liable and bound to pay them." Civil Code (1910), § 3434. A debt is liquidated when it is certain how much is due and when it is due. An unliquidated claim is one which one of the parties to the contract or transaction can not alone render certain. *Roberts* v. *Prior*, 20 *Ga.* 561. "The general rule . . is that interest is not recoverable upon unliquidated demands, but is allowable only after such demands shall have become merged in a judgment. In order to recover interest there must be a fixed and determinate amount which could have been tendered and interest thereby stopped." 33 C. J. 211, [§ 71] b. Where parties agree to submit the amount of a demand to the decision of others, or to be determined by the court, interest will not be allowed prior to the date of such decision. 33 C. J. 212 [§ 77] g.

■ The other assignments of error do not require the grant of a new trial.

■ It follows from the ruling made in the second division of this opinion that the judgment of the court refusing the grant of a new trial must be reversed, unless the plaintiff will write off his recovery of interest before the remittitur from this court is made

the judgment of the court below, in which event the judgment of the court below will stand affirmed.

*Judgment affirmed conditionally. All the Justices concur.*