## 39846. SWANSON v. CHASE.

DECIDED FEBRUARY 4, 1963.

*William L. Preston,* for plaintiff in error.

*Briscoe & Ridgway, Thomas W. Ridgway,* contra.

RUSSELL, Judge. ■ ■ Special ground 1 of the amendment to the motion for a new trial contends that the trial court erred in directing a verdict for the plaintiff for various reasons. One of these is that the contract upon which the plaintiff sued was never thereafter understood by the parties to be the working agreement between them because the defendant was most anxious to have the building erected as quickly as possible and decided to deal with a single contractor, Hodges, on a cost plus basis; he had already drawn up his preliminary plans and only needed a Georgia architect to be sure that the plans as previously conceived met local building code standards; he decided to leave the supervision of Hodges' construction to another person, and so on. There is no testimony, however, either that the parties mutually agreed to abandon the contract upon which plaintiff sued or that there was ever any discussion or agreement as to reimbursement based upon changed conditions. The plaintiff did work from preliminary drawings (which defendant had prior to the signing of the written contract); he did not assist in preparing forms of bids, proposals and contracts because none were desired on account of the defendant's decision to deal with Hodges on a cost plus basis; for the same reason no accounts of money spent were ever furnished the architect nor were certificates of payment expected from him. All of these omissions stemmed from the acts of the defendant. "If the non-performance is caused by the act or fault of the opposite party, that excuses the other party from performance." *Code* § 20-1104.

■ The defendant's testimony shows no such novation of the written contract as contemplated by *Code* § 20-115, nor any rescission by consent or release by the other contracting party as contemplated by *Code* § 20-905. If the contract were severable a different question might be presented, but since it is an entire contract (*Collins v. Frazier*, 23 Ga. App. 236 (1), 98 SE 188), and was never rescinded or modified, it could not be merely disregarded at the pleasure of the defendant by his failure to call upon the plaintiff for a part of the services which the plaintiff had agreed to render. The contention that the written contract was not considered the working agreement between the parties is without evidence to support it.

■ There is some testimony suggesting a failure of consideration by reason of faulty design on the part of the architect; however, not only is this defense not pleaded, but the construction difficulties due to faulty design as opposed to faulty construction are not shown and no facts are testified to which would allow a jury to arrive at a figure which the defendant would be entitled to recoup as an offset against the contract price. Thus no issue was presented on failure of consideration. *Hall v. Southern Sales Co.*, 81 Ga. App. 392 (58 SE2d 925); *Clegg-Ray Co. v. Indiana Scale &c. Co.*, 125 Ga. 558 (54 SE 538).

■ If the defendant's answer is to be considered a plea of accord and satisfaction by reason of the $2,500 payment, this issue also was unsupported by proof. Defendant wrote plaintiff a letter on August 9, 1954, stating in part: "I received your letter of August 7th with the enclosed invoice and am enclosing my check for $2,500 as part payment as per the contract agreement," a statement lending credence both to plaintiff's contention that the payment was an installment payment and that the parties were operating under the written contract. The defendant testified: "When I made this $2,500 payment it was my understanding that was in full and final settlement to Mr. Chase for his services, work he had done that was satisfactory. I thought I didn't owe him any more. After I paid the $2,500, then the delay on the drawings and the change of the drawings, what they had deviated from that, and the change of the design of the building, I felt I didn't owe him any more money." It is

obvious that the defendant was detailing his own feeling rather than testifying to any accord and satisfaction between the parties.

■ Evidence as to the cost of constructing the building upon which the 6 percent fee is predicated is based upon figures furnished by the contractor Hodges and upon which payment to him was made. They are undisputed except for one item constituting a freight charge in the amount of $749.84. It was at least a jury question as to whether the plaintiff was entitled to receive 6 percent of this amount; however, the plaintiff if he so desires may write off this sum, rendering the error harmless.

■ Plaintiff sued for and obtained a verdict for interest on the principal sum from July 29, 1955. The declaration alleged that "construction was completed on or about July 29, 1955, at which time petitioner demanded of defendant owner the remaining balance due which demand was refused by defendant." No demand was proved until June 9, 1960. The defendant contends that the amount due was unliquidated for which reason no interest is recoverable until after this date. "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, from the time of the demand." *Code* § 57-110. The plaintiff testified that he wrote the defendant on November 10, 1955, requesting information as to final cost of the building, to which no reply was received, and the defendant denied receiving this letter. The defendant testified: "The building wasn't completed in July, 1955, because my last invoice from Tom Hodges, I think, was in March, 1955. The building was complete when my wife and I moved down in February, 1955." Further, the undisputed figures as to construction costs are broken down into monthly expenditures commencing in August, 1954, and ending with the month of January, 1955. There is no evidence which would authorize any inference that the work had not been completed and the cost ascertained by July 1955, the date from which the plaintiff arbitrarily sought to recover interest, and the only question is whether this cost was a liquidated or unliquidated amount as of that date. "A debt is liquidated when it is

certain how much is due and when it is due. An unliquidated claim is one which one of the parties to the contract or transaction can not alone render certain. *Roberts v. Prior*, 20 Ga. 561." *Lincoln Lumber Co. v. Keeter*, 167 Ga. 231, 236 (145 SE 68). In *Lively v. Munday*, 201 Ga. 409, 422 (40 SE2d 62, 173 ALR 1295) it was held that under a contract for the purchase of real estate specifying "terms cash," the purchase price to depend upon the acreage as shown by a survey to be made by the purchasers, interest on the principal sum would begin to run from the date of possession by the purchasers although they did not procure a survey and thus determine the amount of the purchase price until a later date. In the present case the cost of erection of the building was or should have been known at the time of completion and there is no evidence suggesting that it was not ascertained by and known to the defendant at that time; the plaintiff, of course, had no means of discovering the total except through the defendant or his contractor, and he did not question the figures which he procured from this source, and which had previously been accepted as correct by the defendant. The claim was therefore a liquidated amount prior to July 29, 1955. The plaintiff was entitled to interest thereon without demand from the time it became liquidated, that is, from the time of ascertainment of the amount by reason of completion of the building, and the judgment awarding interest was not erroneous. No interest could be awarded prior to such date for the reason that the plaintiff did not pray for it in his petition, but the mere fact that he might have been entitled to more than he received under proper pleadings is not a defect of which the defendant can take advantage, since it is in the defendant's favor.

■ Special ground 2 of the amended motion for a new trial complains of error by the trial court in failing to declare a mistrial on motion of the defendant because of testimony indicating that the contractor Hodges had also had to file suit against the defendant to obtain his fee. Since the verdict was demanded by the evidence, and since the case did not in any event go to the jury, this ground is without merit.

The trial court did not err in overruling the motion for a new

trial except in the particular specified in Division 1 (e) of this opinion.

*Judgment affirmed on condition plaintiff write off $44.99 and interest thereon from the amount of the judgment, otherwise reversed. Felton, C. J., and Eberhardt, J., concur.*