## 47179. SHURE v. WILLNER & MILLKEY.

EVANS, Judge. Willner & Millkey sued Dr. Merton Shure for certain architectural services based upon a contract, claiming interest at the rate of 7% per annum. On the trial of the case the court directed a verdict against the plaintiff. This court reversed that judgment in *Willner & Millkey v. Shure,* 124 Ga. App. 268 (183 SE2d 479). On the return of the remittitur, defendant filed a motion to dismiss that portion of the complaint seeking to recover interest and defendant also filed an amendment to his answer asserting that the complaint failed to state a claim against defendant for interest and that, as a matter of law, plaintiff was not entitled to interest. The court denied the motion to dismiss, as well as the additional defenses added to the answer. The defendant appeals. *Held:*

1. "All liquidated demands, where, by agreement or otherwise, the sum to be paid is fixed or certain" shall bear interest from the time the party shall become liable and bound to pay the demands. *Code* § 57-110. The complaint demands a sum certain with interest thereon, based upon a contract for certain architectural services. The plaintiff thus seeks a liquidated demand under the contract. Defendant denies that plaintiff is entitled to any recovery. The nature of the claim, liquidated or unliquidated, and the rights of the parties can only be determined by the evidence adduced at the trial of the case. The denial of

the motion to dismiss that portion of the complaint seeking interest was correct. See *Bartee v. Andrews,* 18 Ga. 407 (2); *Roberts v. Prior,* 20 Ga. 561; *Stover v. Atlantic Ice &c. Corp.,* 159 Ga. 357 (1) (125 SE 837); *Haygood v. Smith,* 80 Ga. App. 461 (6) (56 SE2d 310); *Swanson v. Chase,* 107 Ga. App. 295 (2) (129 SE2d 873); *Lincoln Lumber Co. v. Keeter,* 167 Ga. 231 (3), 236 (145 SE 68). Doubtless, the defendant desires this court to rule on the motion to dismiss based upon the evidence submitted at the first trial wherein he contended that an unliquidated claim was shown; but we can make no such ruling on that evidence as the evidence before the court at the next trial may not necessarily be the same, if in fact, an unliquidated claim was shown at the first trial. This court will not and can not make a declaratory ruling based upon this enumeration of error, which is not meritorious.

2. While a party may amend his pleadings as a matter of course and without leave of court at any time before the entry of a pre-trial order under § 15 (a) of the Civil Practice Act (*Code Ann.* § 81A-115; Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106), since the complaint here shows a claim for liquidated damages the court did not err in denying the 7th and 8th defenses of the defendant's answer, wherein defendant asserted that the complaint failed to state a claim against him for interest and that plaintiff was not entitled to interest as a matter of law. Under our present notice pleadings it remains for determination from the evidence as to whether or not the complaint is one for a liquidated or unliquidated claim, even though the complaint as of now shows an alleged liquidated claim under the contract in a stated amount.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*
SUBMITTED MAY 2, 1972—DECIDED MAY 25, 1972.

*Levine, D'Alessio & Cohn, Morton P. Levine, Shulman, Alembik & Rosenbluth, Arnold Shulman,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, A. Kimbrough Davis, Rosemary Kittrell,* for appellee.