48342, 48343. CONTINENTAL CARRIERS, INC. v. SEABOARD COAST LINE RAILROAD COMPANY; and vice versa.

BELL, Chief Judge. Plaintiff railroad sued Continental to recover demurrage charges for railroad cars. Plaintiff's motion for summary judgment was granted.

1. *The main appeal No. 48342.* Plaintiff by affidavits and business records established the demurrage charges against defendant. In opposition the defendant offered an affidavit of a former employee who was working for defendant during the period of time. This affidavit states in part: "Deponent shows that defendant does not owe any of the charges alleged in the petition because all of said freight cars were left under the objection and protest of deponent and her former husband, who in her presence requested and urged the said railroad company to remove the cars before any demurrage became due. This affidavit covers the years 1966 and 1967. This was done on a daily basis and the contract was made by deponent and her said former husband in her presence and at no time was demurrage due because of being detained by the defendant company. Deponent further says that she and her former husband contacted the agents of the railroad company who were the ones that caused the cars to be placed at the company's siding, the said agents being Frank Marlow, Mr. Jackson. . ."

The pertinent portion of the opposing affidavit sets forth no *specific facts* but contains nothing but conclusory facts. An affidavit must set forth *specific facts* showing that there is a genuine issue of fact for trial. CPA § 56 (e) (Code Ann. § 81A-156 (e)). *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (187 SE2d 312). In this case plaintiff established its case by specific, determinable facts by showing the dates of arrival and release of 150 railroad cars at defendant's rail siding and the computation of the demurrage charge as to each individual car. Defendant's rebuttal by the mere assertion that the plaintiff was called and requested and urged to remove the cars before any demurrage became due is insufficient. The grant of summary judgment to plaintiff was correct.

2. *The cross appeal No. 48343.* The trial court in its grant of summary judgment denied plaintiff interest on the amount of judgment from the date of accrual of the demurrage charges involved through the date of the filing of the amendment to plaintiff's complaint when interest was first sought. "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them. . ." Code § 57-110. A debt is liquidated when it is certain how much is due *and when it is due. Lincoln Lumber Co. v. Keeter,* 167 Ga. 231 (145 SE 68). Plaintiff had the burden to prove the time when demurrage charges became due and payable. See *Crapp v. Dodd,* 92 Ga. 405 (2) (17 SE 666). While the railroad's proof established the amount due as demurrage, no proof was offered as to when the charges were due and payable. The allegations of the complaint as amended as to the due dates of these charges even though verified will not suffice to fill this void in the proof. *Crutcher v. Crawford Land Co.,* 220 Ga. 298 (138 SE2d 580). The trial court properly denied the claimed interest.

*Judgment affirmed on the main appeal and cross appeal. Quillian, J., concurs. Deen, J., concurs in the judgment only.*

ARGUED JULY 2, 1973 — DECIDED OCTOBER 11, 1973.

*James L. Flemister,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert F. Cook,* for appellee.