49664, 49665. BUCK CREEK INDUSTRIES, INC. v. CRUTCHFIELD & COMPANY; and vice versa.

Deen, Judge.

Buck Creek Industries, Inc. filed suit in the Superior Court of Whitfield County, Georgia, for $35,529.64 based on an open account plus 7% interest from the due date. The defendant, Crutchfield and Company, answered, denying any amount due, and setting up the defense of partial failure of consideration in that the yarn which constituted the basis for the account was defective and much of it had to be used in manufacturing carpeting which had to be sold as seconds, resulting in a loss to the defendant. At the trial, the jury returned a verdict for the plaintiff for $35,529.64 (the amount sued for) "plus interest of 7% per annum, from the date of the invoices." Judgment was entered against the defendant for $35,529.64) plus interest in the sum of $4,974.14. The

defendant moved for a new trial. The trial judge then entered an order requiring the plaintiff to write off the interest ($4,974.14) or suffer a new trial. The plaintiff obtained a protective order allowing it to write off the interest ($4,974.14) without prejudice to its right to appeal from the trial judge's order.

1. The issue presented in the main appeal is whether an account of this type presents a liquidated or unliquidated claim.

"All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them, if payable on demand, from the time of the demand. In case of promissory notes payable on demand, the law presumes a demand instantly and gives interest from date." Code § 57-110.

It is obvious from this language that, in the absence of the defendant's plea of partial failure of consideration, the amount due was a liquidated demand, in that by agreement the sum to be paid was fixed and certain, and that interest would be payable from the due date (that is, beginning 30 days after the date of invoice.) Can a liquidated demand be converted into an unliquidated demand by one of the parties to the contract without the consent of the other? If so, an unsuccessful plea of failure of consideration or any other defense, although not sustainable, would absolve the defendant from payment of interest. This is not the intent of the law. "An unliquidated claim is one which one of the parties to the contract or transaction cannot alone render certain." *Lincoln Lumber Co. v. Keeter,* 167 Ga. 231, 236 (145 SE 68). Here the amount is certain; one of the parties cannot by means of an *unsuccessful* defense render it uncertain.

"There is an obvious distinction between interest awarded by virtue of the terms of a contract and interest awarded by way of damages for a breach of the contract, although the recovery in both cases is frequently spoken of as recovery of interest." 25 CJS 793, Damages, § 52. The "interest" sought in *Firemen's Ins. Co. v. Oliver,* 182 Ga. 212 (184 SE 858), is not the same as in this case. There the insurance company owed the amount of *damages,* which was not finally ascertainable until verdict. Here

the total amount was ascertained and the defendant owed *interest* thereon, subject to reduction if it could establish that its retention of a part of the purchase price after the due date was justifiable. It was unable to do this, as the jury found against its plea of failure of consideration.

A defendant is not entitled to set up a defense against payment, and, when it is established that the defense is invalid, still profit by being absolved from the payment of interest on money illegally retained by it. If this were true, for example, every action on a promissory note would involve a write-off of interest during litigation even though it was established that the defendant had no defense against the note. The trial judge erred in requiring that the interest be written off.

2. On the cross appeal, the defendant enumerates as error a portion of the charge wherein the judge instructed the jury that their verdict "could be for the plaintiff in a given amount."

There is no error in this instruction. As previously noted, the action was on an account. The defense was partial failure of consideration. The account was not denied. The defendant did not contend that the yarn was worthless — only that it was inferior. Thus, the plaintiff was entitled to a judgment in some amount.

*Judgment reversed on main appeal; affirmed on cross appeal. Eberhardt, P. J., concurs. Stolz, J., concurs specially.*

Argued September 6, 1974 — Decided October 18, 1974.

*McDonald, McDonald & McDonald, E. Crawford McDonald,* for appellant.

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E. Kinney,* for appellee.

Stolz, Judge, concurring specially.

I concur in the judgment of Division 1 and with Division 2 of the opinion.

The situation presented sub judice is one in which the plaintiff presented a claim on an open account. This is generally considered a liquidated claim. See *Nisbet v.*

*Lawson,* 1 Ga. 275, 287; *Bartee v. Andrews,* 18 Ga. 407, 410; *Roberts v. Prior,* 20 Ga. 561, 562. Here, however, the defendant entered a plea of partial failure of consideration. At the trial of the case the jury found against the defendant's plea and returned a verdict in favor of the plaintiff in the amount sued for. Thus, the defendant's attempt to convert a liquidated claim into one that was unliquidated, failed and the defendant must pay the interest authorized by law. Had the jury rendered a verdict for the plaintiff in less than the amount sued for, it would have found in favor of the plea of partial failure of consideration; the account then would have been unliquidated and interest allowed only from date of judgment.