## 55803. RECORDEX CORPORATION v. SOUTHEASTERN METAL PRODUCTS, INC.

SHULMAN, Judge.

Southeastern Metal Products, Inc. (hereinafter "Southeastern") received a promissory note from Recordex following Recordex' bankruptcy reorganization. This appeal is from the judgment of the trial court, sitting without a jury, awarding Southeastern $9,821.97 principal plus $4,297.11 interest. We affirm the judgment.

1. The trial court awarded interest as of the date of default on each installment. In a three-part argument, appellant challenges the trial court's award of interest. Appellant urges that such award cannot stand because (a) appellee's claim was unliquidated; (b) appellee did not demand payment in writing until approximately four years after installment payments had ceased and no interest could be awarded prior to the date of demand; and (c) appellee failed to produce any evidence regarding the amount of interest due.

A. The trial court ordered that Recordex' obligation on the note be reduced by an amount equal to a fixed percentage of other payments made by Recordex to

Southeastern for materials ordered by Recordex after bankruptcy. This credit was ordered because the items used by Southeastern to fill the new order were made up in part of materials and labor which were the subject of Southeastern's claim in bankruptcy and for which Recordex had already paid in part by giving the note.

Because of the crediting arrangement, appellant asserts that the obligation evidenced by the note is not liquidated and that the interest award is error. Contrary to this argument, the debt evidenced by the note herein for a sum payable in 18 monthly installments but bearing no interest is liquidated. Code Ann. § 57-110; *Morgan v. Colt Co.,* 34 Ga. App. 630 (6) (130 SE 600); *Jenkins v. Morgan,* 100 Ga. App. 561 (112 SE2d 23). The credit for duplicate payments only reduced the net balance on the liquidated claim; they do not render the note unliquidated. See *Haygood v. Smith,* 80 Ga. App. 461 (56 SE2d 310).

B. The trial court computed interest from the date of default on each payment as it became due and payable. Appellant's contention that interest must be computed from the date of written demand is not the law of this state. See *Swanson v. Chase,* 107 Ga. App. 295 (2) (129 SE2d 873).

C. The award of interest in accordance with § 57-110 is not subject to challenge on the ground that the record is devoid of testimony establishing the amount of interest due and owing. The record shows that Southeastern carried its burden of showing when each installment was due and payable in accordance with the terms of the note, and the amount owing. See generally *Continental Carriers v. Seaboard C. L. R. Co.,* 129 Ga. App. 889 (2) (201 SE2d 826). Cf. *Thomas v. Monticello Vehicle Co.,* 10 Ga. App. 260 (1) (73 SE 428) (where a judgment adding interest from the date an account became due was held properly entered on a jury verdict for principal "and interest").

2. Appellant submits that a certain letter sent by Recordex to Southeastern legally created an account stated between the parties for an amount less than that awarded in the judgment.

An inspection of the record shows that the evidence did not demand this conclusion. The judgment is not

subject to reversal for this reason.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 15, 1978 — DECIDED SEPTEMBER 5, 1978.

*Nall & Miller, Gerald A. Friedlander,* for appellant.
*Northcutt, Edwards, Germano, Nix & Page, J. Lansing Kimmey,* for appellee.