## 59332. B. G. SANDERS & ASSOCIATES, INC. v. CASTELLOW et al.

CARLEY, Judge.

Plaintiff-appellee Castellow instituted the instant action against appellant-B. G. Sanders & Associates, Inc. (Sanders) and appellee-CFW Construction Company, Inc. (CFW). Castellow alleged that Sanders and CFW were joint venturers or partners in an uncompleted construction project, that he had contracted with Sanders to provide electrical engineering services for the development and that in so contracting Sanders had acted with the authority of its joint venturer or partner, CFW. Castellow alleged that he had performed the engineering services pursuant to the contract. Castellow sought judgment establishing the joint and several liability of Sanders and CFW for his services in the amount of $17,000 plus interest from May 9, 1974.

CFW answered, denying the material allegations of the complaint. It further filed a cross claim against Sanders, alleging that the joint venture agreement between Sanders and CFW provided that all contracts for engineering services, including those allegedly performed by Castellow, were to be conditional upon the successful completion of the development, and that if Sanders' contract with Castellow did not expressly so provide, Sanders had exceeded the scope of its authority in contracting with Castellow or had breached the terms of its joint venture agreement with CFW. Under either theory, excess of authority or breach of contract, CFW's cross complaint sought recovery against Sanders should Castellow prevail on his action.

Sanders filed a cross claim against CFW, alleging and attaching a copy of a written "Joint Venture Agreement" between itself and CFW, bearing the signature of "Harold Moore Vice President" of CFW, and providing: "That [Sanders] will be in charge of the design portion of the development, with the Joint Venture consisting of [CFW] and [Sanders] being responsible for payment of their respective 50% share of all such costs." Sanders' cross claim then alleged that Castellow's suit was for services related to the "design portion" of the development. Sanders, therefore, sought to recover against CFW one-half of the amount of any recovery Castellow might be awarded in the main action.

Thus the procedural posture of this case immediately prior to

trial can be summarized as follows: Castellow was suing Sanders and CFW jointly and severally to recover for his services; CFW had denied liability to Castellow and had cross claimed against Sanders for recovery of any amount Castellow might recover against it (CFW); and, Sanders had denied liability to Castellow and had cross claimed against CFW for recovery of one-half of any amount Castellow might recover against it (Sanders). By agreement the trial of the main action was severed from the trial of the cross claims of the two defendants against each other. The jury returned a verdict in favor of Castellow and found Sanders and CFW jointly and severally liable for the amount of $17,000 plus interest from May 9, 1974. Sanders' cross claim against CFW was withdrawn and the jury then heard CFW's cross claim against Sanders. The jury found for CFW, thus establishing, in effect, Sanders' sole responsibility for Castellow's recovery of $17,000 plus interest in the main action. Judgment was entered on both verdicts.

Sanders appeals from the judgment against it and in favor of Castellow in the main action and from the judgment in favor of CFW on the cross claim.

1. Sanders enumerates as error the denial of its motion for directed verdict and for judgment n.o.v. with regard to Castellow's claim for interest from May 9, 1974. "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them . . ." Code Ann. § 57-110. While Sanders does not contest the sufficiency of the evidence to demonstrate the certainty of the $17,000 amount due to Castellow for his services, it does dispute the sufficiency of the evidence to show that such amount was due on May 9, 1974. "A debt is liquidated when it is certain how much is due *and when it is due.* [Cit.]" *Continental Carriers v. Seaboard C. L. R. Co.,* 129 Ga. App. 889, 890 (201 SE2d 826) (1973).

"A debt is liquidated *when* it is rendered certain what is due, and how much is due . . . That, certainly, need not be contemporaneous with the agreement out of which it results." *Bartee v. Andrews,* 18 Ga. 407, 410 (1855). The evidence shows that Castellow was to have been paid 80% of his fee "at completion of the bid or negotiation" and the remaining 20% at final inspection. The project was cancelled before either event occurred. " ' "When the existence of a debt is conditional on the happening of some event, payment cannot be enforced until that event happens; but when payment of an existing liability is postponed until the happening of an event which does not happen, payment must be made within a reasonable time." ' [Cits.]" *Rosing v. Dwoskin Decorating Co.,* 141

Ga. App. 617, 619 (234 SE2d 128) (1977). Here there was uncontroverted evidence that the custom and practice in the building industry was that in the event of cancellation of a project, the amount due to engineers for work done up to the point of cancellation would then be due and payable. Also there was evidence which would authorize the jury to find that Castellow was informed of the cancellation of the project on or about May 9, 1974, and there was in evidence an invoice of that date to Sanders in the amount of $17,000 for services rendered on the project. *Midtown Prop. v. Geo. F. Richardson, Inc.,* 139 Ga. App. 182, 186 (6) (228 SE2d 303) (1976). And there is evidence indicating that, when presented with Castellow's bill on or about May 9, 1974, Sanders accepted it as correct. *Intercompany Services Corp. v. Kleeb,* 140 Ga. App. 512, 513 (4) (231 SE2d 505) (1976). It was not error to deny Sanders' motion for directed verdict and for judgment n.o.v. as to the claim of interest from the date in question. *Swanson v. Chase,* 107 Ga. App. 295 (129 SE2d 873) (1963).

2. Sanders next argues that it was error to allow Castellow's complaint, containing allegations of bad faith, to go out with the jury, Castellow having withdrawn his claim for attorney fees and costs. It is urged that submitting the petition without excising this "prejudicial" matter was error. We do not agree. The trial judge did not instruct the jury with regard to the withdrawn claims and the verdict returned obviously did not include any recovery for such claims but merely for the amount of Castellow's services plus interest thereon. *Cagle v. Atchley,* 127 Ga. App. 668, 671 (2) (194 SE2d 598) (1972). Furthermore, the jury was instructed that the pleadings were "just the contentions of the parties and they are not evidence in this case." See *F. N. Roberts Corp. v. Southern Bell Tel. &c. Co.,* 132 Ga. App. 800, 802 (5) (209 SE2d 138) (1974). There was no error in merely allowing the complaint to go out with the jury without excising the "prejudicial" bad faith allegations.

3. As to the cross claim, Sanders contends that it was error to deny its motion for directed verdict on the ground that CFW failed to show that its vice president, Moore, lacked the authority to enter into the "Joint Venture Agreement." We have thoroughly reviewed the transcript and find Sanders' argument to be without merit. There was ample evidence to authorize a finding that Moore had no authority, as CFW's vice president, to enter into the joint venture agreement relied upon by Sanders. This evidence included the corporate bylaws, minutes of the board of directors for 1973, the year of the purported agreement, and the unobjected to testimony of CFW's president that there was no corporate resolution authorizing vice presidents to enter into any extraordinary agreements such as

joint ventures. Compare *Supreme Kingdom, Inc. v. Fourth Nat. Bank,* 174 Ga. 779, 781 (2) (164 SE 204) (1932); *Dawson Paper Shell Pecan Co. v. Montezuma Fertilizer,* 19 Ga. App. 42 (90 SE 984) (1916). Sanders produced no evidence in turn which would tend to show that Moore in fact had such authority other than by virtue of his corporate title. "Proof that a contract on behalf of a . . . corporation was entered into by its executive vice president does not demand the conclusion that he acted with authority so as to bind the corporation, but this, as well as any issue of ratification by the company if in fact the contract was not authorized, is a question for the jury under the evidence. [Cit.]" *Royal Mfg. Co. v. Denard & Moore Const. Co.,* 137 Ga. App. 650, 651 (3) (224 SE2d 770) (1976). Under the evidence a finding that Moore lacked authority to enter into the agreement on behalf of CFW was authorized and a finding that Moore in fact had such authority was not demanded. It was, therefore, not error to deny the motion for directed verdict on this ground. Code Ann. § 81A-150 (a).

4. Sanders urges error occurred in the trial court's charge to the jury with reference to a corporate officer's authority. This enumeration is without merit. The trial court's charge on this issue was thorough, full, fair and complete. It is not subject to any criticism urged by Sanders.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED APRIL 8, 1980 —
REHEARING DENIED APRIL 29, 1980 —

*Robert W. Chestney,* for appellant.
*Richard L. Stumm, John A. Pickens, Gwenn E. Dorb,* for appellees.