75888. HEISKELL v. RHODES.
(369 SE2d 513)

BENHAM, Judge.

Rhodes sued Heiskell for money had and received and for fraud in the sale of a mobile home park. During trial, Rhodes presented a substantial amount of evidence of Heiskell's alleged fraud. At the close of Rhodes' evidence, appellant moved for a directed verdict on the fraud issue, Counts 2 and 3 of the complaint, and the trial court granted his motion. The trial proceeded on the remaining count. After the jury charge, the court asked appellant's counsel whether he had any objections. Counsel responded by suggesting that if the pleadings were going out with the jury, the court should either say that Counts 2 and 3 had been disposed of or that they were stricken from the pleadings. The trial court declined to make those additional comments, noting that it had charged the jury that the pleadings were not to be considered as anything other than what the parties contended at the time the pleadings were filed. The trial court also noted that the jury had heard all about the directed verdict earlier in the trial. The jury returned a verdict of $40,000 in favor of Rhodes, and the trial court entered the judgment accordingly. On appeal, Heiskell con-

tends that the trial court erred in sending the complaint out with the jury without obscuring or masking the fraud counts from its view, and in failing to instruct the jury that those counts had been disposed of or stricken.

Assuming that appellant's response to the trial court's inquiry constituted valid objections to the actions that he now enumerates as errors, we do not agree that the trial court committed the alleged errors. The record shows that the trial judge had only instructed the jury with regard to the claim that had not been eliminated, and that the $40,000 verdict the jury returned on the remaining count was exactly the amount appellant sought in his complaint for that count. Moreover, the trial court had instructed the jury that the pleadings were not evidence, but were merely the contentions of the parties at the time of filing. Under these circumstances, the trial court did not act improperly. *B. G. Sanders & Assoc. v. Castellow*, 154 Ga. App. 433 (2) (268 SE2d 695) (1980).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 13, 1988.

*Sam F. Little, Ralph M. Hinman III*, for appellant.
*R. Michael Withrock*, for appellee.